FROST v. WEEHAWKEN WHARF CO.

(Supreme Court, Appellate Term. January 2, 1901.)

APPEAL—COMPLAINT—LEAVE TO AMEND—DENIAL.

> Where an order of the general term of the city court of New York denying leave to amend a complaint, from which an appeal was taken to the appellate term of the supreme court, does not state that the denial was for lack of power to grant it, the appeal will be dismissed, since, on its face, the order showed only an exercise of the court's discretion, and was not appealable.

Appeal from city court of New York, general term.

Action by Elihu B. Frost, as assignee, against the Weehawken Wharf Company. From an order of the general term of the city court of New York (66 N. Y. Supp. 1131), affirming an order of the trial term, plaintiff appeals. Appeal dismissed.

Plaintiff sued for commissions, under an agreement to pay such a commission on every ton received by defendant at their wharf, and the order appealed from was a denial of leave to amend the complaint by inserting the number of tons received by defendant, and praying for judgment for a definite sum, instead of for an accounting; but the order did not state that the denial was for lack of jurisdiction to grant it. The opinion of the special term denying leave to amend was as follows:

> The cause of action described in the complaint is one seeking equitable relief, and, as this court is without jurisdiction to entertain such an action, it follows that it cannot change the cause of action by amendment of the pleadings so as to acquire jurisdiction. Motion to amend complaint denied, without costs, but, plaintiff having applied in the alternative for leave to discontinue, his motion in this respect will be granted, on the payment of the costs of the action to date. Settle order on two days' notice.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Norman G. Johnson, for appellant.
Wilder & Anderson, for respondent.

PER CURIAM. As the complaint did not demand judgment for a sum of money only, the order was right. The appeal must, however, be dismissed, as the order is not appealable. Kreizer v. Allaire (Sup.) 37 N. Y. Supp. 687.

Appeal dismissed, with costs.